UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUGENE MCCULLOUGH, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF DEVELOPMENTAL SERVICES, et al.,<br><br>Defendants. | Case No. 20-cv-02958-SI<br><br>**ORDER DENYING MOTION TO DISMISS**<br><br>Re: Dkt. No. 23 |

On September 18, 2020, the Court held oral argument on the motion to dismiss the First Amended Complaint (FAC) brought by the California Department of Developmental Services ("DDS") and Nancy Bargmann (collectively, "Defendants"). Dkt. Nos. 23 (Motion to Dismiss) and 35 (Minutes re Hearing on Motion to Dismiss). Having considered the arguments made during the hearing as well as those submitted in their papers, the Court hereby DENIES the motion in its entirety.

Defendants argue plaintiffs' complaint must be dismissed because the FAC fails to establish standing and fails as a matter of law. Specifically, defendants argue the FAC does not establish the traceability or redressability requirements of standing and fails as a matter of law because "Plaintiffs' allegations of harm [are] predicated on actions of third parties and DDS's lack of policies, [and] do not allege that DDS' direct actions have discriminated against Plaintiffs based upon their disabilities." Dkt. No. 23 at 8[1].

The Court disagrees. By statute, the DDS is charged with ensuring "the regional centers operate in compliance with federal and state law and regulation," including by "tak[ing] all

---

[1] For ease of reference, page number citations refer to the ECF branded number in the upper right-hand corner of the page.

necessary actions" to secure compliance. Cal. Welf. & Inst. Code § 4434 (a), (b). Moreover, "[i]f there are identified gaps in the system of services and supports consumers for whom no provider will provide services," DDS is authorized to provide those services and supports directly. § 4648(g); FAC ¶ 35. When DDS finds a regional center "has violated this requirement, or whenever it appears that any regional center has engaged in or is about to engage in any act or practice constituting a violation of any provision of [the Lanterman Act] or any regulation adopted thereunder, the department shall promptly take the appropriate steps necessary to ensure compliance with the law[.]" § 4434(c). The director of DDS also "may issue directives to the regional centers as the director deems necessary to protect consumer rights, health, safety, or welfare, or in accordance with Section 4434." § 4639.6.

While defendants cite *ARC v. Department of Developmental Services*, 38 Cal.3d 384 (1985) and *Bouslog v. Care Options Mgmt. Plans & Supportive Servs*., LLC, No. C 20-00756 WHA, 2020 WL 2306487 (N.D. Cal. May 9, 2020) in support of their arguments regarding the limited nature of DDS's reach, the Court finds both cases distinguishable.[2]

As such, defendants' motion to dismiss is hereby DENIED.[3]

**IT IS SO ORDERED**.

Dated: October 2, 2020

SUSAN ILLSTON
United States District Judge

---

[2] In *ARC,* regional centers sued DDS after DDS issued spending directives that, in effect, reduced client's "services by category, without regard to the client's [individual program]." 38 Cal.3d 384, 390 (1985). That case did not touch Title II or Section 504 whatsoever. Further, the *Bouslog* case involved a single disabled woman (distinct from a class) who was abused and neglected by her caretaker. There, the Court found DDS did not discriminate against that plaintiff on the basis of her disability. The facts as alleged in the instant complaint are readily distinguishable. Plaintiffs in the instant action allege DDS's failure to ensure "effective communication and equal access to the benefits of the [] program ***results in discrimination based on and because of [] deafness***." Dkt. No. 27 at 32 (Opposition) (emphasis added).

[3] Defendant's request for judicial notice is granted.